IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMAS I. GAGE, | : |
| Plaintiff, | : |
| v. | : Civ. No. 15-695-LPS |
| N.J. GOVERNOR CHRIS CHRISTIE'S ADMINISTRATION, et al., | : |
| Defendants. | : |

Thomas I. Gage, Warren, New Jersey, Pro Se Plaintiff.

## MEMORANDUM OPINION

Dated: September 18, 2015
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Thomas I. Gage ("Plaintiff"), a resident of New Jersey, proceeds *pro se* and has paid the filing fee. This action is one of many that Plaintiff has filed in state and federal courts pursuing claims related to a zoning dispute and the foreclosure of, and eviction from, property located in New Jersey. The Complaint purports to raise civil claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") pursuant to 18 U.S.C. §§ 1961 through 1968.

## II. BACKGROUND

Plaintiff has been enjoined on numerous occasions from filing lawsuits in New Jersey state and federal courts. On November 15, 2012, the United States District Court for the District of New Jersey ("New Jersey District Court") noted that Plaintiff, "persistent in his over-zealous pursuit of claims related to a zoning dispute," had once again filed a lawsuit against the same defendants previously sued by Plaintiff in state and federal courts based upon nearly identical factual allegations. *See Gage v. Kumpf*, 2012 WL 5630568, at *5 (D.N.J. Nov. 15, 2012). The New Jersey District Court entered an order that prohibits Plaintiff, when proceeding *pro se*, from filing future lawsuits without prior leave of the Court, against any of the named defendants in *Gage v. Kumpf*,[1] or any employee, agent, or attorney thereof, in the United States District Court for the District of New Jersey, relating to the Sleepy Hollow development. (*See id.*) The order provides that Plaintiff will be granted leave to file upon a showing through a properly filed petition that a specific proposed filing: (1) could survive a challenge under Fed. R. Civ. P. 12; (2) is not barred by principles of claim or issue

---

[1] State Judge Fred H. Kumpf, Joseph E. Murray, Alan A. Siegel, Jay B. Born, Marianne Cammarota & Prout & Cammarota, L.L.P., Sleepy Hollow of Warren, LLC & Dorothy D'Angelo, Kevin Page, John T. Chadick, IV, Gary W. Dean, P.E., John E. Coley, and Victor Sordillo.

2

preclusion; (3) is not repetitive or violative of a court order; and (4) is in compliance with Fed. R. Civ. P. 11. (*See id.*)

On July 9, 2013, the New Jersey District Court enjoined Plaintiff, when proceeding *pro se*, from filing a complaint against any of the named defendants[2] or any employee, agent, or attorney thereof, in the New Jersey District Court relating to the state court foreclosure action of property located at 51 Hillcrest Boulevard, Warren, New Jersey ("Warren Property"), without prior leave of the Court. *See Gage v. Wells Fargo Bank*, 2013 WL 3443295, at *8 (D.N.J. July 9, 2013), *aff'd*, 555 F. App'x 148 (3d Cir. Jan. 16, 2014).

On December 13, 2013, the New Jersey District Court, relying upon its July 9, 2013 Order, enjoined Plaintiff, when proceeding as a *pro se* litigant, from filing any claims involving or arising out of the foreclosure action, sheriff's sale, or subsequent sale of the Warren Property, without prior leave of court, including any claims against Wells Fargo, Sheriff Provenzano, Luke and Helena Andersen, and any of the attorneys, judges, clerks, or other judicial officers. *See Gage v. Provenzano*, 2013 WL 6623924, at *4 (D.N.J. Dec. 13, 2013), *aff'd*, 571 F. App'x 112 (3d Cir. July 3, 2014).

On May 6, 2014, the New Jersey District Court, in a case filed by Plaintiff against State Judge Thomas C. Miller and Jennifer M. Perez, entered an order that enjoins Plaintiff from filing lawsuits arising out of the foreclosure action, sheriff's sale, or subsequent sale of the Warren Property. *See Gage v. Miller*, 2014 WL 1789653, at *2 (D.N.J. May 6, 2014).

On January 16, 2015, the Superior Court of New Jersey Law Division, Civil Part, Somerset County ("New Jersey Superior Court"), found that Plaintiff's filing of over nine actions concerning the subdivision application approvals of Sleepy Hollow of Warren indicated his continued intention to abuse the court system and entered an order enjoining Plaintiff's future litigation regarding the

---

[2]Wells Fargo Bank, Luke Andersen, and Helena Andersen.

3

Sleepy Hollow development without leave of court. *See Gage v. Warren Twp. Planning Board*, SOM-L-1447-14 (Jan. 16, 2015) (outlining Plaintiff's litigious history). The order prohibits Plaintiff from filing or continuing any lawsuit against Sleepy Hollow of Warren, LLC, Dorothy D'Angelo, Joseph E. Murray, Alan A. Siegel, Jay B. Bohn, John E. Coley, John T. Chadwick, IV, P.P., the Township of Warren and members of its governing body, the Warren Township Planning Board and its members or any employee, agent, or attorney thereof, in any court, relating to the Sleepy Hollow development, without prior leave of the New Jersey Superior Court. The order provides that leave to file or continue a lawsuit will be denied unless Plaintiff demonstrates that a specific proposed filing: (a) can survive a challenge under N.J. Court Rule 4:6; (2) is not barred by principles of claim or issue preclusion or the entire controversy doctrine; (3) is not repetitive or violative of a court order; and (4) is in compliance with N.J. Court Rule 1:4-8. (*See* D.I. 8 Ex. 2)

Plaintiff recently filed the instant lawsuit in this Court raising claims that are the same as, or related to, those discussed in the above paragraphs.

## III. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The court may transfer a case pursuant to § 1406(a) either upon motion by the defendant or *sua sponte*. *See Lafferty v. St. Riel*, 495 F.3d 72, 74-75, 75 n.3 (3d Cir. 2007) (leaving undisturbed district court's *sua sponte* transfer of case pursuant to § 1406(a)); *Decker v. Dyson*, 165 F. App'x 951, 954 n.3 (3d Cir. Jan. 19, 2006) ("Under 28 U.S.C. § 1406(a), a district court, upon a motion or *sua sponte*, may transfer a case to a court of proper jurisdiction when such a transfer is in the interest of justice.").

4

## IV. DISCUSSION

The RICO claims raised by Plaintiff are related to: (1) actions taken by the Warren Township Planning Board, zoning disputes, and the Sleepy Hollow development; (2) actions taken and rulings made in Sleepy Hollow litigation by New Jersey Superior Court judges; and (3) the Warren Property that was the subject of foreclosure, sheriff's sale, and conveyance, and which resulted in Plaintiff's eviction. (D.I. 1) The acts Plaintiff complains of took place in New Jersey and most, if not all, Defendants are citizens of the State of New Jersey.

The Court finds that the interests of justice warrant transfer of this case given that it appears to have been filed here in an effort to evade orders entered in New Jersey state and federal courts that enjoin Plaintiff from filing an action such as this in those Courts. Such flagrant disregard of court orders will not be countenanced.

As discussed, Plaintiff, while proceeding *pro se*, is enjoined in New Jersey state and federal courts from filing new litigation without first seeking permission and meeting certain requirements. Despite the orders, Plaintiff initiated a lawsuit in this District raising claims that courts have enjoined him from raising, and despite the fact that venue is not appropriate in this District.

## V. CONCLUSION

For the above reasons, the Clerk of Court will be directed to transfer this action to the United States District Court for the District of New Jersey.

A separate order shall issue.